**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-02698-CMA-CBS

HIGHLINE CAPITAL CORP., a Delaware corporation,

    Plaintiff,

v.

BRETT AWBREY,

    Defendant.

---

**ORDER REJECTING APRIL 27, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT BRETT AWBREY AND IMPOSING BANKRUPTCY-RELATED STAY**

---

This matter is before the Court on an April 27, 2010 Recommendation by United States Magistrate Judge Craig B. Shaffer[1] for the entry of a default judgment against Defendant Brett Awbrey, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi). (Doc. # 32.)

Magistrate Judge Shaffer issued the Recommendation after a series of failures by Defendant Awbrey to adhere to various court orders and to appear at various hearings and conferences, despite notice of scheduled hearing dates and deadlines. In particular, Defendant Awbrey has failed to do the following:

    (1)    to appear for a November 19, 2009 Final Pretrial Conference and to participate in the preparation of the proposed Pretrial Order;

---

[1] On December 17, 2008, pursuant to an Order of Reference, this case was referred to Magistrate Judge Shaffer, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), to conduct pretrial and other non-dispositive matters. (Doc. # 4.)

(2) to respond to a November 19, 2009 Order to Show Cause, which directed Awbrey to "show cause in writing on or before December 4, 2009 why a default judgment or other sanctions should not be imposed against him for failure to comply with the court's orders...";

(3) to appear for a February 25, 2010 Status Conference before Magistrate Judge Shaffer; and

(4) to respond to a February 25, 2010 Order to Show Cause, which directed Awbrey to "show cause in writing on or before March 15, 2010 why a default judgment, reasonable expenses including attorney's fees, and/or other sanctions should not be imposed against him..."

(Doc. # 32 at 2-3.)

Despite the clear record of Defendant Awbrey's failure to comply with court orders, the Court finds that the entry of default judgment is not appropriate at this juncture in the proceedings because Awbrey has initiated bankruptcy proceedings in the Eastern District of California. In particular, on March 29, 2010, Awbrey filed Chapter 13 bankruptcy and listed Plaintiff Highline Capital Corp. as a creditor. (Bankr. E.D. Cal., Case No. 10-27927, Doc. # 1.) On June 24, 2010, Awbrey filed a motion to convert the Chapter 13 proceeding to a Chapter 7 proceeding, pursuant to 11 U.S.C. § 1307(a), which motion was granted on June 30. (Doc. ## 23, 24.) The bankruptcy case is still pending.

In light of the pending bankruptcy proceeding, sections 361 and 362 of the United States Bankruptcy Code apply with respect to Defendant Awbrey and his property. Section 362(a) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of --

> (1) the commencement or continuation, including the issuance or employment of process, of judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
>
> * * *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate....

Title 11 U.S.C. § 362(a).

Accordingly, based on the foregoing, the ongoing bankruptcy proceeding precludes entering a default judgment against Defendant Awbrey.

IT IS THEREFORE ORDERED that the April 27, 2010 Recommendation of United States Magistrate Craig B. Shaffer to enter default judgment against Defendant Awbrey (Doc. # 32) is REJECTED; and

IT IS FURTHER ORDERED that all proceedings against Defendant Awbrey are STAYED and this case is to be ADMINISTRATIVELY CLOSED unless and until Plaintiff obtains relief from stay in Case No. 10-27927 before the United States Bankruptcy Court for the Eastern District of California, or the bankruptcy case is dismissed without discharge of Plaintiff's claims against Defendant.

DATED: July __26__, 2010

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge